UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:11-cr-00042-JMS-DML-2 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JAMES COCHRAN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11-cr-00042-JMS-DML |
| | ) | |
| JAMES COCHRAN, | ) -2 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant James Cochran has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 640. For the reasons explained below, his motion is **DENIED**.

**I.
Background**

In 2012, a jury found Mr. Cochran guilty of one count of conspiracy to commit wire fraud and securities fraud, in violation of 18 U.S.C. § 371; six counts of wire fraud, in violation of 18 U.S.C. § 1343 and 2; and one count of security fraud, in violation of 15 U.S.C. § 78j(b). Dkt. 460. Mr. Cochran appealed, and the Seventh Circuit affirmed his conviction and sentence. The Seventh Circuit summarized Mr. Cochran's crimes as follows:

> Timothy Durham, James Cochran, and Rick Snow were convicted of perpetrating a widespread financial fraud that caused more than $200 million in losses to thousands of victims, many of them elderly or living on modest incomes. After taking control of Fair Finance Company, a previously well-established and respected business, the trio quickly turned it into their personal piggy bank. They used money invested in Fair to support their lavish lifestyles and to fund loans to related parties that would never be repaid. When the company's auditors raised red flags about its financial status, the auditors were fired. When Fair experienced cash-flow problems, it misled investors and regulators so it could keep raising capital.

2

> Eventually the scheme began to unravel. One of the company's directors, himself under investigation in a separate matter, alerted the FBI that Fair was being operated as a Ponzi scheme. After an investigation, the FBI seized Fair's computer servers and arrested Durham, Cochran, and Snow. A jury convicted them on various counts of conspiracy, securities fraud, and wire fraud.

*United States v. Durham*, 766 F.3d 672, 675–76 (7th Cir. 2014).

In December 2012, the Court sentenced Mr. Cochran to an aggregate sentence of 25 years of imprisonment and 3 years of supervised release. Dkt. 460 at 2-3. The Court also ordered Mr. Cochran to pay more than $200 million in restitution. *Id.* at 460. The Bureau of Prisons ("BOP") lists Mr. Cochran's anticipated release date (with good-conduct time included) as October 5, 2032. https://www.bop.gov/inmateloc/ (last visited May 21, 2024).

Mr. Cochran has filed a motion for compassionate release *pro se*. Dkt. 640. Mr. Cochran argues that he establishes extraordinary and compelling reasons for compassionate release because: (1) he suffers from severe medical conditions that render him unable to engage in self-care in prison; (2) the COVID-19 pandemic places him at risk of serious health consequences if he contracts the virus and it has created harsh prison conditions; (3) the sentence he is serving is unusually long; and (4) he has engaged in rehabilitation while incarcerated. Dkt. 640 at 5, 8, 17, 23. The United States filed an opposition to the motion, dkt. 643, and Mr. Cochran filed a reply, dkt. 649. Upon reviewing the motion and briefs, the Court has determined that additional information is required for a ruling. For that reason, the parties were ordered to provide further briefing. Dkt. 650. The Government filed its supplemental response, dkt. 651, and Mr. Cochran filed a reply, dkt. 652. The motion is now ripe for the Court's consideration.

## II.
## Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a

sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Cochran first argues that his myriad health conditions establish extraordinary and compelling circumstances warranting his release. Mr. Cochran is 68 years old, dkt 421 at 3, and states that he suffers from COPD, asthma, emphysema, pulmonary granulomatous, interstitial pulmonary fibrosis, and other medical conditions. Dkt. 640 at 67. According to Mr. Cochran's physician, Dr. Roberto Martinez, he is ambulatory and able to self-administer medication. Dkt. 651-1 at 2. He stated that, while Mr. Cochran's prognosis is currently unknown, his medical records indicate that the BOP is able to manage the care Mr. Cochran requires including "continuous follow-up and monitoring by primary-care physicians and specialists." *Id.* at 2–3. He further stated that Mr. Cochran's condition will not be exacerbated by his continued incarceration. *Id.* In reply, Mr. Cochran provided medical records and suggests that Dr. Martinez's opinions are driven by animus towards Mr. Cochran. Dkt. 652.

4

None of the medical records provided by Mr. Cochran contradict the medical opinions stated by Dr. Martinez. Mr. Cochran's accusations of bias against him are unsupported by the record. *See* dkt. 652, 652-1. The Court finds Dr. Martinez's statements to be a reliable medical opinion of Mr. Cochran's condition. Based on these medical opinions, the Court finds that Mr. Cochran is not incapacitated and does not have diminished capacity to provide self-care. He is not currently at risk of a serious deterioration of his health, and, though serious, his conditions are not life-threatening. For these reasons, the Court finds that Mr. Cochran has not carried his burden to show that his health issues are an extraordinary and compelling reason to grant release, whether considered alone or together with any other reason. To the extent that Mr. Cochran argues that he is entitled to compassionate release due to inadequate medical care in the BOP, such an allegation might form the basis for relief in a civil suit filed in Mr. Cochran's district of incarceration, but it does not constitute grounds for a sentence reduction under § 3582(c)(1)(A). *Miller*, 2022 WL 2187555, at *1.

Mr. Cochran's next reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. The Seventh Circuit has said that "for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Cochran is vaccinated, dkt. 640-2 at 106, and has presented no evidence that he is unable to benefit from the vaccine. Additionally, Mr. Cochran "has not presented any evidence establishing that he

5

is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). He has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). For these reasons, the Court declines to exercise its discretion to find that Defendant has carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor. *Barbee*, 25 F.4th at 533; *Vaughn*, 62 F.4th at 1072.[1]

Mr. Cochran also argues that the conditions in the BOP caused by the COVID-19 pandemic, including frequent lockdowns, have subjected him to unduly harsh terms of incarceration. Dkt. 640 at 12. Allegations that the BOP has failed to provide protection from COVID-19 and subjected him to inadequate conditions, thus violating Mr. Cochran's constitutional rights, might form the basis for relief in a civil suit, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *United States v. Miller*, 2022 WL 2187555, at *1 (7th

---

[1] The United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. U.S.S.G. 1B1.13 (Nov. 2023). The Court notes that one such circumstance relates to outbreak of infectious disease in prisons. Mr. Cochran does not meet the criteria for that extraordinary and compelling reason either. *See* U.S.S.G. 1B1.13(b)(1)(D) (Nov. 2023).

Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). Further, every inmate at the facilities in which Mr. Cochran has served his sentence, and indeed, many inmates across the country, have dealt with similar issues due to the pandemic over the past few years. Mr. Cochran has simply not shown that his situation is extraordinary as compared to other inmates. *United States v. Khelifi*, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument that his prison mishandled the risks of the pandemic). Thus, the Court finds that Mr. Cochran has failed to carry his burden to show that this is an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

Mr. Cochran last contends that he received an unusually long sentence, which he would not have received today due to a change in the law. Effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited May 21, 2024). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Mr. Cochran, however, has not met his burden to show that he has met the requirements of this subsection because he has argued no specific change in the law that results in a "gross disparity" between the sentence he received and the sentence he would receive today. For this reason, he cannot rely on that section to establish extraordinary and compelling reasons potentially warranting a sentence reduction. Accordingly, the Court finds that Mr. Cochran has not carried his burden to show that the fact that he might receive a lower sentence if sentenced today establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason.

Even if the Court were to assume that Mr. Cochran had established an extraordinary and compelling reason, however, the Court would nevertheless find that Mr. Cochran is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[2] Weighing in his favor, his criminal history is limited to a single misdemeanor conviction. Dkt. 421 at 19. Additionally, he has engaged in programming including drug education and maintained employment while in the BOP. Dkt. 640-1 at 3; 640-3 at 2. He would have the support of friends and family upon release. Dkt. 640 at 11. Weighing against him, Mr. Cochran committed a serious crime in which he defrauded the public out of over $200,000,000. Dkt. 421 at 15.

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Further, Mr. Cochran is not scheduled to be released from prison until October 2032; thus, releasing him now would be a substantial and unwarranted reduction in his sentence.

In light of these considerations, the Court finds that releasing Mr. Cochran early would not: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

### III.
### Conclusion

For the reasons stated above, Mr. Cochran's Motion for Compassionate Release, dkt. [640], is **denied**. Should his condition worsen or necessitate increased medical care, he may renew his motion after exhausting administrative remedies.

**IT IS SO ORDERED.**

Date: 5/23/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

James Cochran
Register Number: 09970-028
FCI Yazoo City Medium
Federal Correctional Institution
P.O. Box 5000
Yazoo City, MS 39194